CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 2 4 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MINGLIANG CHEN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08CV00419 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VPT, INC., | ) | By: Hon. James C. Turk |
|     Defendant. | ) | Senior United States District Judge |

This action comes before the court on defendant VPT, Inc's ("VPT's") motion to dismiss. Plaintiff Mingliang Chen seeks to have declared void a settlement agreement and related stock transfer between Chen and VPT, both executed in the summer of 2002. VPT seeks dismissal, arguing that the action is time-barred, the complaint suffers from pleading deficiencies, and Chen otherwise fails to state a claim upon which relief can be granted. In its motion, VPT also seeks its cost and attorneys' fees in defending Chen's lawsuit, pursuant to a provision of the settlement agreement. The court finds that Chen's claims are time-barred and grants VPT's motion to dismiss, but finds that each party should bear its own costs and attorneys' fees.

**I.**

Chen was hired by VPT in 1997 to establish its military defense electronics division, moving to Blacksburg, Virginia as a result. Because of his division's success, VPT granted Chen 400,000 shares of VPT common stock through a Restricted Stock Agreement ("Restricted Stock Agreement") effective March 1, 1999. In addition, Chen was granted 70,000 shares of deferred stock options.

In March 2002, Chen resigned from VPT to begin a consumer electronics business with his

-1-

brother in Shanghai, China.[1] When Chen left VPT, he took with him VPT equipment, valued then at approximately $12,000.[2] After moving to China, Chen was contacted by VPT's president, Dan Sable, regarding the VPT equipment. Chen admitted his mistake in taking the equipment without authorization, and expressed his regret. Sable told Chen that if he did not accept the settlement terms that VPT would propose, then Chen would face both civil and criminal proceedings, which could result in Chen being sentenced to one year in jail. Further, Sable advised that he will make the "final decision" regarding the settlement terms, that "[t]here will be no negotiation," and that failure to take the deal offered meant that Chen "risk[ed] losing everything." (Complaint, ¶¶ 9, 12).

Ultimately, Sable demanded that to avoid VPT's pursuit of legal action, Chen must: (1) return the equipment; (2) pay VPT $2,200; (3) apologize to 11 VPT employees; (4) forfeit his 70,000 shares of deferred stock options; and (5) transfer all 400,000 of his shares of restricted VPT stock (with 100,000 shares being transferred back to Chen after completion of items one through four).[3] At the time, the 300,000 shares that Chen stood to lose had a total book value of $244,500, though Chen believes that the shares' actual value was far greater. Chen ended up agreeing to these demands.

VPT's legal counsel then drafted an agreement, dated June 26, 2002 ("Settlement Agreement"). Pursuant to the Settlement Agreement, on July 2, 2002 Chen executed an Irrevocable

---

[1] Chen's wife and minor daughters stayed behind in Blacksburg.

[2] While Chen acknowledges that it was improper to take the equipment, he claims that the equipment was no longer used by VPT.

[3] Chen also alleges that, at one point, Sable offered to let Chen keep an additional 100,000 shares if Sable was given a twenty percent stake in Chen's new company, but that Sable dropped this request after Chen's protest.

-2-

Stock Power in favor of VPT's law firm in order to effectuate the transfer of Chen's VPT shares. Because he was in China during this period, Chen alleges that he did not have access to American-trained legal counsel.

Chen initially filed suit against VPT in the Circuit Court for the City of Roanoke on June 25, 2008, seeking restoration of the net 300,000 shares transferred to VPT, and fashioning his complaint as solely seeking equitable relief. More specifically, Chen asks the court to declare that: (1) the Settlement Agreement and Irrevocable Stock Power are both "void and of no effect under Virginia law because they are the result of fraud, duress, coercion and extortion, and they furthered illegal activity;" (2) the Settlement Agreement and Irrevocable Stock Power are both "void and of no effect" because "Sable acted ultra vires, and without authority of VPT's board of directors;" (3) "VPT's board of directors had no authority to approve the unlawful arrangement proposed by Sable;" and (4) Chen's transfer of stock pursuant to the Irrevocable Stock Power contravened the Restricted Stock agreement, and was "therefore void and of no effect." (Complaint, Prayer for Relief).[4] VPT removed the action to this court on July 14, 2008, and filed a motion to dismiss the next day. Chen opposed on September 8, 2008,[5] VPT filed a reply on September 15, and the court heard oral argument two days later on September 17.

---

[4] Chen also seeks his reasonable attorneys' fees and costs in bringing this action and other relief that the court may deem appropriate.

[5] In opposition, Chen also filed a sworn declaration, likely in an attempt to address deficiencies in his complaint that were asserted by VPT. In deciding this motion to dismiss, court has considered only allegations and argument that fall within the scope of Chen's complaint and its exhibits, and not information solely presented in Chen's declaration. See Fed. R. Civ. P. 12(d); Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991) (holding that the inclusion of supporting affidavits relating to the 12(b)(6) motion did not convert the motion into a motion for summary judgment because the court did not consider such material).

## II.

The court has subject matter jurisdiction as all parties are citizens of different states,[6] and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In this diversity action, the court will apply Virginia substantive law. See Erie Railroad v. Tompkins, 304 U.S. 64 (1938).

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. It does not resolve disputes "surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint should not be dismissed as failing to state a claim "unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001) (citation omitted).

## III.

VPT argues that Chen's lawsuit is time-barred by applicable statute of limitations and by the equitable doctrine of laches.[7] Threshold questions of whether a plaintiff is time-barred from bringing suit are considered matters of "substantive" law under Erie, and the court will therefore apply Virginia law. See Guaranty Trust Co. v. York, 326 U.S. 99, 109-11 (1945) (state statute of

---

[6] Chen is a naturalized citizen who works in Shanghai but maintains a residence in Alabama. VPT is organized, and has its principal place of business, in Virginia.

[7] VPT also argues that the motion to dismiss should be granted because the complaint suffers from pleading deficiencies, the lawsuit is barred by the Settlement Agreement's release provision, the Settlement Agreement lawfully modified the Restricted Stock Agreement between the parties, and that Chen cannot make out an ultra vires claim.

-4-

limitations are followed by federal courts sitting in diversity); Phipps v. Robinson, 858 F.2d 965, 968 (4th Cir. 1988) (applying a state standard for laches).

First, VPT argues that Chen's lawsuit is barred by a statute of limitations, under whatever legal cause of action Chen's claims may be framed to arise under. The court agrees. Chen filed his lawsuit almost six years after the Settlement Agreement and related Irrevocable Stock Power were signed. If the action is for a rescission of these documents, then the applicable statute of limitations period is five years. Marriot v. Harris, 235 Va. 199, 214, 368 S.E.2d 225, 232 (1988) (upholding trial court's application of a five-year statute of limitations period to a contract rescission action) (citing Va Code § 8.01-246(2)). If Chen's action is for breach of the original Restricted Stock Agreement, then the applicable statute of limitations applicable period is likewise five years. Va Code § 8.01-246(2). If the action is based on fraud, then the applicable statute of limitations period is two years. Va Code § 8.01-243(A). If based upon duress, then the "catch-all" statute of limitations period of two years applies. Va Code § 8.01-248. All of these time periods run after the cause of action accrues, which in each case would have been–at the latest–when the Settlement Agreement and Irrevocable Stock Power were executed.

Chen stresses that his lawsuit "seeks only equitable and declaratory relief," and thus the above statute of limitations periods are inapplicable. (Pl.'s Resp. to MTD at 6-7) (citing Va Code § 8.01-243(A)) ("In every action for which a limitation period is prescribed, the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person or damage to property, when the breach of contract occurs in actions . . . except where the relief sought is solely equitable . . . .") (emphasis added). The court, however, agrees with VPT–even if the complaint purports to only seek declaratory and

equitable relief, "equity follows the law; and if a legal demand be asserted in equity which at law is barred by statute, it is equally barred in equity." Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity, 266 Va. 455, 467, 587 S.E.2d 701, 708 (2003) (citation omitted). See also Bd. of Supervisors of Fairfax Co. v. Thompson Assocs., 240 Va. 133, 139, 393 S.E.2d 201, 204 (1990) ("[T]he applicability of the statute of limitations is determined by the object of the litigation, not the form in which it is filed. If the law were otherwise, the statute of limitations could be rendered meaningless merely by the filing of a declaratory judgment action.") (citations omitted); Almond v. Kent, 459 F.2d. 200, 204 (4th Cir. 1972) (same). Therefore, the form of Chen's complaint cannot save his lawsuit from an applicable statute of limitations period.

Alternatively, even if one or more of Chen's causes of action were viewed as solely equitable, his complaint would still be time-barred by the equitable doctrine of laches. In Virginia, laches is defined as "the neglect or failure to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party." Princess Anne Hills v. Susan Constant Real Estate Trust, 243 Va. 53, 58, 413 S.E.2d 599, 602 (1992). VPT has the burden of proving this affirmative defense. Id. There is "no rigid rule . . . as to what delay will constitute laches; every suit must depend upon its own circumstances." Puckett v. Jessee, 195 Va. 919, 930, 81 S.E.2d 425, 431 (1954).

The court finds that Chen inexcusably slept on his rights by failing to file suit until almost six years after the Settlement Agreement and Irrevocable Stock Power were executed. Chen alleges that he was "seriously intimidated and threatened by Sable's explicit threats of prosecution, and that he might be jailed, leaving his family without a provider." (Complaint, ¶ 18). He then argues that Sable's comment that Chen "risk[ed] losing everything" if he did not sign the Settlement Agreement

justified his delay, and that it was not until his family had moved from Blacksburg and his daughters had finished college that Chen "thought he could question VPT's actions." (Pl.'s Resp. to MTD at 12). The court finds that even taking Chen's allegations as true, there is no set of facts consistent with his allegations that could justify Chen's six-year delay. Further, what Chen risked losing would have been a consequence of VPT's pursuit of legal action, but VPT's inability to institute such action is precisely the benefit for which Chen bargained.

In addition, VPT was in fact demonstrably prejudiced by this delay. Chen alleges that Sable advised that VPT would seek "both civil and criminal proceedings" if Chen did not agree to Sable's demand. (Complaint, ¶ 9). While Virginia does not have a statute of limitations period for criminal felonies, VPT is now time-barred from bringing a civil action against Chen for his taking of VPT property. See, e.g., Hairston Motor Co. v. Newsome, 253 Va. 129, 135, 480 S.E.2d 741, 744 (1997) (discussing the common law tort of conversion); Va Code § 8.01-248 (a two-year statute of limitations applies for personal actions if no other limitation period is specified). It would therefore be inequitable for Chen to challenge the validity of the Settlement Agreement now, given his admitted wrongful conduct, and after using the Settlement Agreement to successfully avoid civil penalties.

Because the court finds that all of Chen's possible causes of action are time-barred by Virginia statute of limitations, and in the alternative, the doctrine of laches,[8] the court will not reach VPT's other asserted grounds for dismissal.

---

[8] Though overlapping to the issues already decided, the court also agrees with VPT that Chen is estopped from asserting that the Settlement Agreement was procured by duress, because Chen did not promptly repudiate it and instead treated it as valid for almost six years. See Gloth v. Gloth, 154 Va. 511, 553-54, 153 S.E.2d 879, 892-92 (1990).

-7-

Case 7:08-cv-00419-JCT Document 11 Filed 10/24/08 Page 7 of 9 Pageid#: 163

## IV.

The court now turns to VPT's request for its costs and attorneys' fees. The Settlement Agreement provides that "[i]n the event one party to this Agreement brings or threatens to bring, any action against the other to enforce or which is based upon this Agreement, the prevailing party in such a dispute shall be entitled to its attorney's fees and costs." (Settlement Agreement, ¶ 7). Because Chen filed a lawsuit "based upon" the Settlement Agreement, and the court has granted VPT's motion to dismiss, it may appear at first blush that VPT is entitled to its attorneys' fees and costs. However, generally "a determination of 'legal merit' is necessary for an award of attorney's fees." Smyth v. Rivero, 282 F.3d 268, 281 (4th Cir. 2002) (citing Buckhannon Bd. & Care Home v. West Virginia Dep't of Health and Human Resources, 532 U.S. 598, 603-04 (2001)). And as stated above, because the court found that Chen's complaint is time-barred, it did not reach the merits of this action.[9] Therefore, the court finds that, given the particulars of this case, VPT should not recover its attorneys' fees and costs. Cf. Fantasy, Inc. v. Fogerty, 94 F.3d 553, 556 (9th Cir. 1996) (in a copyright case, affirming an award of attorneys' fees, in part because the plaintiff "prevailed on the merits rather than on a technical defense, such as the statute of limitations [or] laches" ).

## V.

For the stated reasons, VPT's motion (Dkt. No. 4) will be **GRANTED** and the action is

---

[9] Importantly, the court did not reach the merits of Chen's defense to VPT's claim for its costs and fees: that because the Settlement Agreement is wholly void, so too is its attorneys' fees and costs provision.

-8-

**DISMISSED WITH PREJUDICE**.[10]  Each party **SHALL** bear its own costs and attorneys' fees. The Clerk is directed to send copies of this memorandum opinion and accompanying order to all counsel of record.

**ENTER**: This 24th day of October, 2008.

*/s/ James C. Turk*
Senior United States District Judge

---

[10] Because the court's dismissal rests on the grounds that Chen's causes of action are time-barred, allowing Chen to re-plead would be futile. Therefore, the court dismisses this action with prejudice. See Foy v. Giant Food, Inc. 298 F.3d 284, 291 (4th Cir. 2002) (affirming dismissal with prejudice where plaintiff's claims were appropriately time-barred).